STATE *vs.* MAINE CENTRAL RAILROAD COMPANY.

Androscoggin.   Opinion March 19, 1894.

*Exceptions by State.   Evidence.   Jury.   Negligence.*

An indictment against a railroad company for negligently causing the death of a person is essentially a civil suit, and is governed by the same rules of law as other civil suits.

In such case the right to except to erroneous rulings of the presiding justice is open to both parties to the same extent as in other civil suits.

In the trial of such a cause, it is not error for the presiding justice to instruct the jury that, in determining what was the real cause of the accident, they may call to their aid their general knowledge and experience of the characteristics and habits of horses and their liability to become frightened by locomotive engines and moving trains of cars, and that collisions at highway crossings are often caused thereby.

ON EXCEPTIONS.

The case is stated in the opinion.

*Henry W. Oakes*, County Attorney, and *Frank L. Noble*, for State.

The case is a civil one in procedure, and exceptions are open to the State in behalf of the real plaintiff, the heir of the deceased.

Those portions of the judge's charge excepted to are open to a double construction, which would authorize the jury to act upon evidence not presented upon the witness stand, in determining the material issue.

Counsel cited: *State* v. *G. T. R. R. Co.* 58 Maine, 176; *State* v. *Same*, 60 Maine, 181; *State* v. *M. C. R. R. Co.* 77 Maine, 244; *State* v. *E. & N. A. R. R. Co.* 67 Maine, 479; 3 Bl. Com. 374; *Schmidt* v. *Ins. Co.* 1 Gray, 535-6; 1 Stark. Ev. 449; *Parks* v. *Boston*, 15 Pick. 209; *Patterson* v. *Boston*, 20 Pick. 166; *Murdock* v. *Sumner*, 22 Pick. 156; *Douglass v. Trask*, 77 Maine, 35; *State* v. *Bartlett*, 47 Maine, 395; *Page* v. *Alexander*, 84 Maine, 83; *Ottawa Gas Light Co.* v. *Graham*, 28 Ills. 73 (81 Am. Dec. 263).

*Wallace H. White, and Seth M. Carter*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WALTON, J.    This is an indictment against the Maine Central Railroad Company for negligently causing the death of a person. It appears that Miss Merrow, — a young woman about twenty-five years old, — was traveling alone with a young horse towards the railroad, and, as she approached the crossing, from some cause, the horse commenced to run; that in spite of her efforts and the efforts of the flagman, the horse ran against a passing train, and Miss Merrow was killed. The case has been tried and a verdict returned in favor of the railroad company; and the case is before the law court on exceptions by the State.

The first question is whether exceptions will lie in behalf of the State in such a case. We think the question must be answered in the affirmative. It is true that in criminal prosecu-

tions, — prosecutions strictly criminal, — exceptions do not lie in behalf of the State. But it has been held that prosecutions like this are criminal in form only, — that they are essentially civil suits, — and must be governed by the rules of law applicable to civil suits. *State* v. *Railroad*, 77 Maine, 244. Such being the settled law in this State, we fail to see any reason why the right to except should not be open to both parties as in other civil suits. We think it should. We will assume, therefore, that the exceptions are properly before us and proceed to examine them upon their merits.

It is claimed that the presiding justice erred in his charge to the jury ; that he authorized them to find facts as to the existence of which no evidence was offered. The portions of the charge complained of are as follows :

" Now, applying your memory and judgment to all the evidence in the case, what was the real cause of the accident resulting in the death of Miss Merrow? You have a right to apply your observation, your general knowledge of matters of this kind, in ascertaining what it was. . . . If any omission of duty on the part of the railroad company or its employees frightened the horse, so that he became uncontrollable, that might be a ground of action. It is for you to determine whether it was so. In your common observation, it may be that you have observed sometimes that when you are driving a horse ordinarily kind and manageable, in the vicinity of a railroad, while you hear no noise of an approaching train, the horse does hear it, with its keen instinct, and springs into a faster speed at once, and you may wonder why it is, until in a moment you hear the sound also. And you may have observed that a horse is anxious, approaching a railroad-crossing, to spring into speed and get across as soon as possible. If that is the case, and results from the character of the horse, and is not caused by any means of fright resulting from the wrongful act of the railroad company or its servants, then that does not lay a foundation for an action. It is only when the negligence of the company causes the death, and the party killed was in the exercise of due care, at the immediate time and occasion."

It is claimed that these instructions authorized the jury, in determining whether the fright of the horse was the result of the character of the horse or the negligent act of the railroad company, to inquire into and find facts as to the existence of which not a *scintilla* of evidence was offered ; that it permitted them to apply their common observation and personal knowledge in determining the existence of a fact vital to the case, and it is insisted that in these particulars the instructions were erroneous.

The instructions undoubtedly authorized the jury to take notice of one of the characteristics of all horses, — namely, their liability to take fright and run away, — and that, in this particular, they might act upon their common observation and general knowledge of horses. In this assumption, the plaintiff's counsel are undoubtedly right. But, was this erroneous ? There are many things of which judges and jurors are allowed to take notice without any other proof than their own observation and experience. Are not the habits and general characteristics of our domestic animals among this number? We think so. "What is notorious needs no proof." (*State* v. *Intoxicating Liquors*, 73 Maine, 279.) It is not always easy to determine whether or not a given fact has become sufficiently notorious to be taken judicial notice of without proof. If it has, then jurors may act upon it without proof. If it has not, then they can not be allowed to act upon it without proof, although the fact may be known to one or more of the panel. The rule of law is plain enough. The lawyers employed in this case do not seem to differ about it. They cite and rely upon the same authorities. The difficulty is in its application. There are many facts in relation to electricity and its uses that to-day are known to almost every school boy, which, a few years ago, were known only to a few. To-day, they may be taken judicial notice of. Then, they could not. Exactly when the transition took place, it might be difficult to say. But it seems to us that, at this day the fact that horses are liable to be frightened by locomotive engines and moving trains of cars, and that collisions at highway crossings are often caused thereby, are facts sufficiently notorious to be taken judicial notice of, and that it can not be

error, in the trial of a cause for an injury so received, to instruct the jury that, in weighing the evidence and determining what was the real cause of the accident, they may call to their aid their observation and general knowledge of such matters. Not, of course, any knowledge they may have of that particular accident. But their general knowledge of the character and habits of horses, and how such accidents are liable to be produced. And as the instructions excepted to went no further than that, we think the entry must be,

*Exceptions overruled.*